IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL ANGELO BATES, SPN #02193095, | § § § § § § § § § § | |
| Petitioner, | | |
| v. | | CIVIL ACTION NO. H-20-616 |
| ED GONZALES, | | |
| Respondent. | | |

### ORDER OF DISMISSAL

Petitioner, Michael Angelo Bates (SPN #02193095), is presently in custody at the Harris County Jail in Houston, Texas. Bates has filed a pleading, which the Court construes as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] In his handwritten petition, Bates alleges violations of his constitutional rights in connection with a pending state court criminal proceeding. (Docket Entry No. 1). After reviewing all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed for reasons set forth below.

---

[1] Although Bates did not submit his petition on a form that substantially follows the form appended to the Rules Governing Section 2254 Cases in the United States District Courts or a form prescribed by local rule, see 28 U.S.C. § 2254, foll. Rule 2(d), the Court construes this as a petition for a pretrial writ of habeas corpus because he challenges the validity of the charges against him and apparently seeks release or federal relief from his confinement.

## I. Background

According to the pleadings and available public records, Bates is currently in custody at the Harris County Jail awaiting trial on charges of aggravated assault on a family member and felony theft in cause numbers 1663211 and 1663212, respectively.[2] Those charges are pending against Bates in the 183rd District Court for Harris County, Texas.[3] Bates seeks unspecified relief from federal officials in his case, contending that he has not had a probable cause hearing and that the charges against him are fabricated.

## II. Discussion

To the extent that Bates seeks a federal writ of habeas corpus,[4] his petition is governed by 28 U.S.C. § 2241, which authorizes review where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A state pretrial detainee may

---

[2] See Harris County Sheriff's Office, Jail Information Inquiry, available at: https://www.harriscountyso.org/JailInfo/HCSO_FindSomeoneInJail.aspx (last visited Feb. 24, 2020).

[3] Id.

[4] The Court declines to construe Bates's petition as a civil rights complaint at this time, because his challenge to the validity of the charges against him is barred by Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994), unless and until Bates proves that charges are dismissed or that any ensuing conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make that determination, or called into question by a federal court's issuance of habeas corpus." Id.

seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: (1) the petitioner must be in custody for purposes of § 2241(c); and (2) the petitioner must have exhausted available state remedies. *See* Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987); *see also* Braden v. 30th Judicial Circuit Court of Kentucky, 93 S. Ct. 1123, 1126-27 (1973). Although Bates satisfies the first prerequisite for review by virtue of his confinement at the Harris County Jail, he does not satisfy the second prerequisite because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See* Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief under Article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then

petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.,* Ex parte Twyman, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing Ex parte Payne, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)).

State court records confirm that Bates has not sought either direct or collateral review with the Texas Court of Criminal Appeals.[5] Thus, Bates has not exhausted available state court remedies. Bates does not otherwise show that exceptional circumstances are present or that federal court intervention is warranted. *See* Younger v. Harris, 91 S. Ct. 746, 750-52 (1971) (federal courts cannot interfere in state criminal proceedings unless extraordinary circumstances exist, such as a threat of irreparable injury that is both great and immediate). The Court concludes, therefore, that the pending federal habeas corpus petition must be dismissed without prejudice.

### III. ORDER

Based on the foregoing, it is hereby

**ORDERED** that Petitioner Michael Angelo Bates's petition for a writ of habeas corpus is **DISMISSED** without prejudice for failure of the petitioner to exhaust all available state court remedies before seeking federal habeas corpus relief; and it is

---

[5] *See* Texas Court of Criminal Appeals website, at http://www.search.txcourts.gov (last visited Feb. 24, 2020).

**ORDERED** that, because reasonable jurists would not dispute whether the procedural ruling in this case was correct, a certificate of appealability is **DENIED**; and it is

**ORDERED** that all pending motions, if any, are **DENIED as MOOT**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 27th day of February, 2020.

*Ewing Werlein, Jr.*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE